ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| ISLAND PORTFOLIO SERVICES, LLC como agente de ACE ONE FUNDING, LLC<br><br>Apelante<br>v.<br><br>MARÍA V. ROLÓN AYALA<br><br>Apelada | **KLAN202400396** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Caguas<br><br>Civil Núm. AB2023CV00154<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 12 de julio de 2024.

Comparece ante este foro, Island Portfolio Services, LLC., como agente de Ace One Funding, LLC (Island Portfolio o "parte apelante") y nos solicita que revisemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, la cual fue notificada el 20 de marzo de 2024. En virtud de esta, el foro primario desestimó sin perjuicio la *Demanda* de autos por falta de jurisdicción.

Por los fundamentos que se exponen a continuación, **REVOCAMOS** la *Sentencia* apelada.

### I.

El 18 de julio de 2023, Island Portfolio presentó una *Demanda* sobre cobro de dinero, al amparo del procedimiento sumario dispuesto en la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, en contra de la Sra. María V. Rolón Ayala (señora Rolón o "la

apelada").[1] Como remedio, solicitó que se ordenara a la apelada a satisfacer la suma de $4,418.92, deuda que alegó estaba vencida, líquida y era exigible. A su vez, añadió que:

> [L]a deuda no ha sido satisfecha ni todo ni parte a pesar de los múltiples requerimientos que se le han hecho a la parte [apelada], que incluyen, pero no se limitan a llamadas y carta enviada por correo certificado con acuse de recibo, conforme al Art. 17 de la Ley Núm. 143 del 27 de junio de 1968, según enmendada, Ley de Agencias de Cobro. Se acompaña como Anejo "D".

Con la *Demanda*, la parte apelante incluyó varios documentos, entre ellos la carta de *Aviso de Cobro*, mediante la cual fue remitida por correo certificado con acuse de recibo. Además, anejó un documento del *United States Postal Services*, que demostró que el *Aviso de Cobro* fue "Delivered, Left with Individual" el 25 de mayo de 2023 a la 1:49PM, en Aguas Buenas, PR 00703, recibiendo el documento la Sra. Rolón.

El 21 de septiembre de 2023, la parte apelante presentó *Moción Sometiendo Documentos*, mediante la cual expuso que acreditaba el envío de la *Notificación-Citación*, así como la hoja de rastreo que evidenciaba que no había sido reclamada por la apelada.[2]

El 2 de octubre de 2023, fue celebrada la *Vista de Regla 60*, a la cual compareció la parte apelante, pero no la señora Rolón.[3] Por ello, Island Portfolio solicitó un término de quince (15) días para informar el curso de acción a seguir.

---

[1] *Demanda*, anejo I págs. 1-18 del apéndice del recurso.
[2] *Moción Sometiendo Documentos*, anejo III, págs. 22-25 del apéndice del recurso.
[3] *Minuta*, anejo IV, pág. 26 del apéndice del recurso.

Al día siguiente, Island Portfolio presentó una *Moción en Cumplimiento de Orden y Nuevas Citaciones*.[4] En esencia, sostuvo que estaban convencidos que habían notificado a la dirección correcta la *Notificación-Citación,* puesto que, la carta de cobro de dinero había sido enviada a la misma dirección, y había sido reclamada. Por ello, solicitaron que señalara fecha para vista y expidiera nuevas citaciones.

El 5 de febrero de 2024, el foro primario notificó una *Orden*, mediante la indicó que re-señalaba el juicio en su fondo para el 18 de marzo de 2024, además de ordenarle a la secretaria que expidiera la notificación-citación.[5]

El 7 de marzo de 2024, la parte apelante presentó *Escrito Informativo Sometiendo Documento*.[6] Esbozó que, la *Notificación-Citación* junto con la *Demanda* y sus anejos habían sido identificadas en la página del correo como "*notice left*".

Así las cosas, el 20 de marzo de 2024, el foro primario notificó la *Sentencia* apelada.[7] Mediante esta, determinó lo siguiente:

> En el caso que nos ocupa ha transcurrido en exceso de ciento veinte (120) días sin que se hubiese diligenciado el emplazamiento contra la parte demandada, por lo que se desestima sin perjuicio por falta de jurisdicción sobre la persona conforme la Regla 4.3(c) de las de Procedimiento Civil.

En desacuerdo, Island Portfolio presentó una *Reconsideración*.[8] Sin embargo, el foro primario la

---

[4] *Moción en Cumplimiento de Orden y Nuevas Citaciones*, anejo V, págs. 27-30 del apéndice del recurso.
[5] *Orden*, anejo VIII, págs. 34-35 del apéndice del recurso.
[6] *Escrito Informativo Sometiendo Documento*, anejo IX, págs. 36-39 del apéndice del recurso.
[7] *Sentencia*, anejo X, pág. 40 del apéndice del recurso.
[8] *Reconsideración*, anejo XI, págs. 41-45 del apéndice del recurso.

declaró *No Ha Lugar* mediante una *Orden* notificada el 25 de marzo de 2024.[9]

Aún inconforme, el 22 de abril de 2024, Island Portfolio presentó la *Apelación* de epígrafe. Mediante esta, adujo que el foro primario cometió los siguientes errores:

> Incidió el Honorable Tribunal de Primera Instancia al desestimar el caso de conformidad con la Regla 4.3 de Procedimiento Civil, pues el término de 120 días para emplazar a una parte demandada que establece dicha regla es incompatible con el procedimiento sumario gobernado por la Regla 60 de Procedimiento Civil, según establece en *Asoc. Res. Colinas Metro v. S.L.G.*, 2002 TSPR 11.

> Incidió el Honorable Tribunal de Primera Instancia al desestimar el caso al trámite ordinario según lo resuelto en *Primera Cooperativa De Ahorro V. Hernández Hernández*, 2020 TSPR 127, aplicando así la sanción más severa posible.

El 26 de abril de 2024 emitimos una *Resolución*, mediante la cual le concedimos a la apelada el término establecido en el Reglamento de este Tribunal para que presentara su alegato. Sin embargo, luego de transcurrido el referido término, la apelada no ha comparecido.

Por consiguiente, declaramos perfeccionado el recurso de epígrafe y procedemos a disponer de este.

**II.**

La Regla 60 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 60, establece un proceso sumario para resolver reclamaciones de deudas que no excedan los quince mil ($15,000) dólares de principal. El propósito primordial de esta regla es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías

---

[9] *Orden*, anejo XII, págs. 46-47 del apéndice del recurso.

pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación." *Asoc. Res. Colinas Metro. v. SLG*, 156 DPR 88, 97 (2002), reiterado en *Cooperativa v. Hernández Hernández*, 205 DPR 624, 631 (2020).

En particular, la Regla 60 de Procedimiento Civil, *supra*, dispone que la responsabilidad de diligenciar la *Notificación-Citación* recae sobre la parte demandante. Una vez la Secretaria o Secretario del Tribunal de Primera Instancia reciba el proyecto de *Notificación-Citación*, tiene el deber de expedirla inmediatamente para que se gestione el diligenciamiento, el cual puede llevarse a cabo por correo certificado o mediante entrega personal. *Cooperativa v. Hernández Hernández*, supra, págs. 634-635. "No importa cuál de estas dos opciones prefiera la parte demandante, lo transcendental es que la notificación-citación del promovente sea diligenciada, dentro de los 10 días de presentada la demanda y se acompañe copia de ésta dirigida a la última dirección conocida del deudor contra quien pesa una reclamación líquida y exigible. [nota al calce omitida]." *Íd.*, pág. 635. Dicha *Notificación-Citación* cumple una doble función, ya que notifica al demandado la reclamación en cobro de dinero presentada en su contra, a la vez que lo cita para la vista en su fondo. *Íd*.

Por otra parte, la Regla 60 de Procedimiento Civil, *supra*, establece que, si se demuestra la existencia de una reclamación sustancial, o bien en el interés de que se haga justicia, "cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando

bajo el procedimiento ordinario prescrito por estas reglas o el tribunal podrá *motu proprio* ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario."

Cabe puntualizar que, previo a la enmienda a la Regla 60 de Procedimiento Civil introducida por la Ley Núm. 98-2012, el derecho a tal solicitud lo poseía únicamente la parte demandada. El lenguaje actual de la regla, en cambio, establece que todas las partes tiene un derecho a solicitar que el pleito se continúe ventilando por el trámite civil ordinario, además de que el foro judicial puede, *motu proprio*, así disponerlo.

Ahora bien, en *Cooperativa v. Hernández Hernández*, supra, nuestro Tribunal Supremo revisitó el trámite expedido de la Regla 60 de Procedimiento Civil. Además, atendió una controversia sobre la procedencia de la desestimación de una reclamación al amparo de esta regla, ante el incumplimiento de la parte promovente con los términos provistos para diligenciar la notificación-citación, o si procede en cambio que la reclamación se ventile en un pleito ordinario. Así, nuestra más alta Curia reconoció que la Regla 60 de Procedimiento Civil no indica el término para que una parte solicite o que el tribunal ordene la transformación del proceso a uno ordinario ni dispone qué ocurre cuando se incumple con el término dispuesto para diligenciar la *Notificación-Citación*. *Íd.*, pág. 638. Al respecto, decretó que, aunque el estatuto procesal guarda silencio, "sí podemos colegir que su redacción se inclina hacia la conversión ordinaria del procedimiento y no a la desestimación del litigio." *Íd*. Por ende, aludiendo a la severidad que conlleva la desestimación, y teniendo en cuenta el

término breve de ese mecanismo sumario, decretó que transcurridos los diez (10) días sin que la parte demandante hubiese diligenciado la *Notificación-Citación* a la parte demandada, no procede obligatoriamente la desestimación al amparo de la Regla 4.3(c) de las de Procedimiento Civil. Es más, claramente se estableció que la Regla 4.3(c) es incompatible con la Regla 60 en cuanto a la obligación del tribunal de instancia a dictar sentencia decretando la desestimación sin perjuicio de la causa de acción una vez hayan transcurrido los 120 días sin que la parte demandante haya diligenciado el emplazamiento. *Íd*.

Como resultado de este análisis, nuestro más Alto Foro expresó que:

> [S]i a pesar de la diligencia del promovente de cumplir con las exigencias de la Regla 60 para ventilar sumariamente el pleito, esto no ha sido posible, lo que procede, en primer lugar, es la conversión del pleito al procedimiento civil ordinario, y no necesariamente la desestimación de la causa de acción. De modo que, siguiendo los pronunciamientos expuestos, queda en manos del foro de instancia asegurarse que la causa de acción amerite la conversión del procedimiento. *Íd*., pág. 640.

**III.**

En el caso de autos, Island Portfolio, en esencia alega que incidió el foro primario al desestimar la demanda bajo la Regla 4.3 de Procedimiento Civil, y negarse a convertir el caso al trámite ordinario.

Según surge del expediente, la parte apelante le envió por correo postal con acuse de recibo a la señora Rolón un *Aviso de Cobro*, la cual fue recibida. Posteriormente, luego de algunas incidencias procesales, Island Portfolio diligenció la *Notificación-Citación sobre Cobro de Dinero*, de igual forma, mediante correo

postal con acuse de recibo, a la misma dirección que había enviado la carta de cobro. Sin embargo, en la página del *USPS Tracking* indicaba que habían dejado un aviso porque el destinatario autorizado no estaba disponible.

Sin embargo, el foro primario consideró que había transcurrido el término de 120 días para diligenciar el emplazamiento contra la apelada, por lo que, desestimó la *Demanda* sin perjuicio por falta de jurisdicción sobre la persona conforme la Regla 4.3(c) de las de Procedimiento Civil.

Conforme surge del derecho antes expuesto, la Regla 4.3(c) de Procedimiento Civil es incompatible con la Regla 60 en cuanto a la obligación del Tribunal de Primera instancia al dictar sentencia decretando la desestimación sin perjuicio una vez transcurrido el término de 120 días. Según nuestro más Alto Foro concluyó en *Cooperativa v. Hernández Hernández*, supra, que si a pesar de las diligencias de la parte promovente para cumplir con los requisitos, entre ellos diligenciar la notificación-citación, de la Regla 60, *supra*, para ventilar el pleito de manera sumaria, ello no ha sido posible, lo que procede es la conversión del pleito al procedimiento ordinario, y no necesariamente la desestimación de la causa de acción.

Consecuentemente concluimos que el foro *a quo* cometió los errores señalados, e incidió al aplicar la Regla 4.3(c) de Procedimiento Civil al caso de autos, desestimando la *Demanda*.

**IV.**

Por los fundamentos expuestos, **REVOCAMOS** la *Sentencia* apelada y ordenamos la conversión de la

presente reclamación de cobro Regla 60 a uno ordinario de cobro, por lo que devolvemos el caso al foro primario para que se autorice el emplazamiento correspondiente y se continúen los procedimientos, según lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones